UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW HAMPSHIRE

Madalyn Barton Fischer

   v.                             Civil No. 14-cv-435-LM

United States Social Security Administration

**REPORT AND RECOMMENDATION**

    Madalyn Barton Fischer filed this action to stop the Social Security Administration ("SSA") from paying Supplemental Security Income ("SSI") benefits to her.  The complaint is before the court for preliminary review.  See 28 U.S.C. § 1915(e)(2); LR 4.3(d)(2).

**Standard for Preliminary Review**

    Pursuant to LR 4.3(d) and 28 U.S.C. § 1915(e)(2), the magistrate judge conducts a preliminary review of in forma pauperis complaints and any amendments thereto, before defendants have an opportunity to respond to the claims.  The magistrate judge may direct service of the complaint, grant the plaintiff leave to file an amended complaint, or, as appropriate, recommend to the district judge that one or more

1

claims be dismissed if: the court lacks subject matter jurisdiction, a defendant is immune from the relief sought, the complaint fails to state a claim upon which relief may be granted, the allegation of poverty is untrue, or the action is frivolous or malicious. See LR 4.3(d)(2). Pro se pleadings, in general, are construed liberally to avoid inappropriate dismissals. See Erickson v. Pardus, 551 U.S. 89, 94 (2007) (per curiam).

## Discussion

Fischer has asserted that the local SSA office in Concord, New Hampshire, refuses to stop paying her SSI, and that she wants to receive her inheritance, not SSI. Pursuant to the Administrative Procedures Act ("APA"), this court may review final agency action for which there is no other adequate judicial remedy. See 5 U.S.C. § 704. Exhaustion of administrative remedies under the APA is mandatory. Nulankeyutmonen Nkihtaqmikon v. Impson, 503 F.3d 18, 33 (1st Cir. 2007). The exhaustion requirement may be waived in exceptional cases. See id.

Fischer has not alleged facts suggesting that she has notified the SSA in writing of her desire to terminate her

2

receipt of benefits.  Nor has she otherwise pleaded facts showing that she had followed the proper procedures for notifying the SSA of her intent to terminate her SSI eligibility.  See 20 C.F.R. § 416.1333 (SSI recipient, legal guardian, or representative payee "may terminate . . . eligibility for benefits under this part by filing a written request for termination which shows an understanding that such termination may extend to other benefits resulting from eligibility under this part," and "[i]n the case of a representative payee there must also be a showing which establishes that no hardship would result if [the] eligible recipient were not covered by the [SSI] program").  Fischer has also failed to assert any facts suggesting that she should be allowed to proceed with her claims here without satisfying the requirement that she exhaust her administrative remedies.

Accordingly, the district judge should dismiss Fischer's claims without prejudice.  Fischer may refile her claims if she either demonstrates that she has exhausted her administrative remedies and has obtained a final agency decision, refusing to terminate her eligibility for benefits, or she shows that the exhaustion requirements should be waived in her case.

**Conclusion**

For the foregoing reasons, the court should dismiss the complaint, without prejudice to Fischer refiling the complaint if she can show that she has exhausted her administrative remedies, or that the exhaustion requirement should be waived in her case.  Any objections to this report and recommendation must be filed within fourteen days of receipt of this notice.  See Fed. R. Civ. P. 72(b)(2).  Failure to file objections within the specified time waives the right to appeal the district court's order.  See United States v. De Jesús-Viera, 655 F.3d 52, 57 (1st Cir. 2011); Sch. Union No. 37 v. United Nat'l Ins. Co., 617 F.3d 554, 564 (1st Cir. 2010).

_____
Andrea K. Johnstone
United States Magistrate Judge

November 13, 2014

cc:   Madalyn Barton Fischer, pro se

4